IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGIONS BANK, an Alabama
banking corporation, d/b/a/
REGIONS FUNDING,

            Plaintiff,

       v.

GROVES FUNDING CORPORATION,
et al.,

           Defendants.

CIVIL ACTION FILE

NO. 1:07-CV-1333-BBM

**O R D E R**

This matter is before the court on Plaintiff Regions Bank's ("Regions") Motion for Entry of Default Judgment [Doc. No. 146].

## I.    **Factual and Procedural Background**

On June 8, 2007, Regions filed a 30 count Complaint alleging a complex conspiracy against 26 named defendants. Regions's allegations centered around four entities, Groves Funding Corporation, Groves Funding Group, Inc., Home Loan Funding Corporation, and Real Estate Benefit Plan (collectively, "Groves Funding"). Toby Groves ("Mr. Groves") is the principal of the Groves Funding entities. According to Regions, Groves Funding made repeated requests for Regions to advance money to fund nonexistent or fraudulent loans and supplied false loan documents to Regions to support its requests. Because Groves Funding and Mr.

Groves are in default in this action, the court accepts the allegations of the Complaint to be true, and gives a brief summary here.

Mr. Groves and Regions entered into the Conforming and Alt-A Master Mortgage Warehouse Security Agreement Warehouse Line of Credit and the Master Promissory Note (collectively, the "Warehouse Line of Credit") on May 2, 2005. Under that agreement, Groves Funding requested advances from Regions to fund mortgage loans, to be repaid on a revolving line of credit basis. Mr. Groves executed the Unconditional Guaranty of Payment and Performance (the "Guaranty") to personally guarantee the obligations of Groves Funding under the Warehouse Line of Credit. Pursuant to these agreements, Regions forwarded multiple loan amounts to Groves Funding and other settlement agents, Best Title Solutions, Inc., and Classic Title Agency, Inc. Groves Funding failed to use the money to fund loans, and failed to repay the funds as specified under the Warehouse Line of Credit and Note.

On April 6, 2007, Regions notified Mr. Groves and Groves Funding in writing of the failure to comply with the Warehouse Line of Credit, in that Groves Funding had failed to sell or repurchase the loans within the sixty-day period specified in the agreements. Groves Funding also had not paid any of the accrued interest charges or transaction fees referenced in the Warehouse Line of Credit. Regions demanded payment and notified Mr. Groves and Groves Funding of its intent to pursue its

right to attorneys' fees under the contract and Georgia law.  As of the date of the Complaint, June 8, 2007, neither Mr. Groves nor Groves Funding had made any payment toward reducing the principal due, the accrued interest, or the transaction fees.

Mr. Groves has never responded to this lawsuit.  The docket reflects that he was served on June 29, 2007.  The clerk of this court entered defaults against both Mr. Groves and Groves Funding on September 26, 2007.  Regions now requests that this court enter judgment as to its damages.  Regions asserts that it is owed $5,294,239.49, plus attorneys' fees under O.C.G.A. § 13-1-11.

## II.   <u>Standard of Review</u>

Pursuant to Federal Rule of Civil Procedure 55(a), a district court may enter default against a party that "has failed to plead or otherwise defend."  Normally, "judgment by default may not be entered without a hearing."  <u>United Artists Corp. v. Freeman</u>, 605 F.2d 854, 857 (5th Cir. 1979).[1]  However, damages can be awarded after a default judgment based on "a demonstration by detailed affidavits establishing the necessary facts."  <u>Id.</u>; <u>see also</u> <u>Adolph Coors Co. v. Movement Against Racism & the Klan</u>, 777 F.2d 1538, 1543-44 (11th Cir. 1985).  Rule 55 "does

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted all decisions of the Fifth Circuit rendered prior to October 1, 1981 as binding precedent.

not require the district court to hold either an evidentiary hearing or oral argument on a motion for default judgment." <u>Cargill Inc. v. Cohen</u>, 115 F.R.D. 259, 261 n.1 (M.D. Ga. 1987).

Default judgment may be entered "on all claims brought by Plaintiff that are legally sufficient and supported by the well-pleaded allegations deemed to be admitted by Defendant." <u>Microsoft Corp. v. Liu</u>, No. 1:06-CV-1352-JOF, 2007 WL 4125753, at *1 (N.D. Ga. Oct. 31, 2007) (Forrester, J.); <u>see also</u> <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975). "[A] default judgment may not stand on a complaint that fails to state a claim." <u>United States v. Kahn</u>, 164 Fed. Appx. 855, 858 (11th Cir. 2006). If the plaintiff's complaint does state a claim for relief, the court may enter default judgment against the defendant where "the amount claimed is a liquidated sum or one capable of mathematical calculation." <u>United Artists Corp. v. Freeman</u>, 605 F.2d 854, 857 (5th Cir. 1979).

## III.   <u>Analysis</u>

Regions brought a number of claims against Mr. Groves and Groves Funding, including the breach of contract claim for which it seeks recovery now. To state a claim for breach of contract, all the plaintiff need allege is the existence of a contract, a breach, and resulting damage. <u>Budget Rent-a-Car of Atlanta, Inc. v. Webb</u>, 220 Ga. App. 278, 279, 469 S.E.2d 712, 713 (1996). Regions has met this standard. Regions

had contracts with both Mr. Groves and Groves Funding.  It has detailed the ways in which those contracts were breached, and stated its damages with specificity.

Regions submitted a list of 15 individual loans, the amount of each loan, and the interest owed as of October 24, 2007.  The 15 loans listed are the same loans that Regions alleged were in default in its Amended Complaint.  The total of those loans equals $4,982,208.14.[2]  (See Aff. of Thomas W. Holland ¶ 6.)  Under the Warehouse Line of Credit, interest was to be calculated at a rate equal to the thirty-day London Interbank Offered Rate (LIBOR) rate, as published in the Wall Street Journal, plus 2.75%.  Regions calculated the interest due as $312,031.35, as of October 24, 2007.  The sum owed to Regions is a liquidated sum, based on the 15 defaulted loans.  The interest rate is capable of mathematical calculation.  Therefore, Regions is entitled to $5,294,239.49.[3]

---

[2] The court notes that Regions has listed these same loans as defaulted by Groves Funding in the Amended Complaint.  (Am. Compl. ¶ 52.)  The loan numbers and borrowers are the same, but the amounts are higher, with the total being, by the court's calculation, $5,323,315.71.  It is not clear, based on the documents before the court, if the higher figure represents the loans plus recalculated interest through the date of the Amended Complaint.  In any event, if Regions wishes to update the amount it believes it is owed, it should submit a clear and detailed explanation to the court within 10 days of the date of this Order.

[3] Regions may submit an updated interest calculation based on interest owed up to the date of judgment.  Because the interest amount changes daily based on LIBOR, the court is not able to reliably calculate the total amount of interest owed for the intervening period.

Regions also requests its attorneys' fees under O.C.G.A. § 13-1-11. The statute provides for reasonable attorneys' fees when a note or other indebtedness is collected by an attorney after maturity. If the note provides for the payment of such fees but does not include a specific percent, then reasonable attorneys' fees will be "15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00." Id. § 13-1-11(a)(2). Section 8.9 of the Warehouse Line of Credit provided that Groves Funding, as the borrower, would be responsible for reasonable attorneys' fees incurred by Regions in enforcing its rights under the agreement, but did not specify a percentage. Regions gave notice of its intent to enforce the attorneys' fees provision of the contract in its April 6, 2007, letter. Therefore, Regions is entitled to its statutory attorneys' fees, which it calculated as $529,491.00.[4]

## IV.   Conclusion

For the foregoing reasons, Regions's Motion for Entry of Default Judgment [Doc. No. 146] is GRANTED. If Regions wishes to submit additional information about interest owing after October 24, 2007, it should do so within 10 days of the

---

[4] Regions may likewise recalculate this amount, based on the final amount of interest due on the note.

date of this Order.  Upon receipt of the updated interest and attorneys' fees figures, the court will enter the judgment.

IT IS SO ORDERED, this 22nd day of April, 2008.

s/Beverly B. Martin
BEVERLY B. MARTIN
UNITED STATES DISTRICT JUDGE